Filed 7/23/21  P. v. Donohue CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK DOOLING DONOHUE,<br><br>    Defendant and Appellant. | A161677<br><br>(Solano County<br>Super. Ct. No. FC13752) |

Patrick Dooling Donohue appeals from an order denying his petition for resentencing pursuant to Penal Code[1] section 1170.95.  (See § 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.)  Donohue's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441–442 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal.  Donohue's appellate counsel advised Donohue of his right to file a supplemental brief, bringing to this court's attention any issue he believed deserved review, and Donohue has done so.

"[F]ederal and California opinions have repeatedly and consistently held that an appellate court's obligation to conduct an independent review of the record only applies when appointed counsel raises no arguable issues in a

---

[1] All statutory references are to the Penal Code.

criminal defendant's *first appeal as a matter of right*." (*People v. Flores* (2020) 54 Cal.App.5th 266, 271 (*Flores*).) Nevertheless, some courts have concluded that, even though *Wende* review is not required in this context, Courts of Appeal can and should independently review the entire record "in the interests of justice." (*Id.* at pp. 273–274; see also *People v. Gallo* (2020) 57 Cal.App.5th 594, 598.) Our high court is currently considering whether an appellate court must conduct an independent review of the record when counsel files a *Wende* brief after the trial court denies a petition for resentencing under section 1170.95. (*People v. Delgadillo*, review granted Feb. 17, 2021, S266305.) Given this uncertain state of the law, we will assume without deciding that *Wende* review is available to appellant. However, because our independent review of the record has revealed no arguable issues, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

California Highway Patrol Officer Charles Hill was off duty in the Overpass Bar in Vallejo on February 1, 1979, when he witnessed an individual, later identified as Donohue, rob the establishment. Officer Hill testified that Donohue had a towel wrapped around one of his hands, as if he were holding a gun underneath, announced "this is a holdup," and instructed the bar patrons to get down on the floor. A second man, who reportedly had a knife, took a wallet from the back pocket of one of the individuals on the ground. Officer Hill had a brief confrontation with Donohue, after which Donohue and the second man left the bar. Officer Hill followed and observed

---

[2] We take this factual summary from the portions of the record of conviction presented to the trial court, including trial testimony from the underlying criminal proceedings and the 1981 nonpublished appellate opinion addressing Donohue's direct appeal from the conviction. (*People v. Donohue* (Nov. 6, 1981, 1 Crim. No. 21164).)

the two men running away. As Officer Hill crouched in a combat stance with his off-duty weapon, Donohue turned around to face him with the towel held out in front of him again, pointing at Officer Hill. The second man continued running and began rounding a corner, where he would have been out of Officer Hill's sight. Fearing that Donohue would shoot him if he failed to shoot first, Officer Hill fired his weapon, killing the second man.

As a result of this incident, a jury convicted Donohue of first degree murder (§ 187), robbery (§ 211), attempted robbery (§§ 211, 664), and assault with a deadly weapon upon a peace officer (former § 245, subd. (b); see § 245, subd. (c).) The jury also found true the allegations that Donohue used a firearm in the commission of each of these offenses. (§ 12022.5, subd. (a).) Prior to the jury trial, Donohue pleaded guilty to escape (§ 4532, subd. (b)), admitted a prior felony conviction (see § 667, subd. (a)), and pleaded nolo contendere to possession of a firearm by a felon (former § 12021, subd. (a); see § 29800, subd. (a)(1).) Donohue was sentenced to a total of 8 years 8 months plus 25 years to life.

On direct appeal, Division Three of this court reversed Donohue's conviction for assault with a deadly weapon as well as the findings with respect to firearm use, due to instructional error. The judgment was otherwise affirmed. (*People v. Donohue, supra*, 1 Crim. No. 21164.) The court concluded that substantial evidence supported Donohue's conviction for first degree murder under a provocative act theory. As the court observed, to imply the malice necessary for a murder conviction under such a theory, a defendant must commit an act in conscious disregard for life or likely to cause death, beyond the acts attributable to the underlying crime, which caused a victim or police officer to kill in reasonable response. Initiating a gun battle can be such an act, even if the defendant does not fire the first shot.

3

The court reasoned: "According to Hill's testimony, which this court must accept as true, when [Donohue] reached the corner, he turned, faced Hill, and pointed at him what Hill believed was a gun. No gun was ever found, but, in Hill's own words, 'Why would he be standing there pointing a towel at me?' Hill fired because he believed that [Donohue] was going to shoot him if he (Hill) didn't shoot first. . . . Hill's testimony is sufficient to support a conclusion that the shooting was not merely in response to the robbery, and that even though [Donohue] initially ran, he provoked Hill's lethal response when he turned and appeared to point a gun instead of surrendering or continuing to run," causing the death of his accomplice. (*People v. Donohue*, *supra*, 1 Crim. No. 21164.)

On December 31, 2018, Donohue filed a pro. per. petition for resentencing pursuant to section 1170.95, and counsel was appointed for him. In February 2019, the Solano County District Attorney opposed the petition, arguing that Senate No. Bill 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) was unconstitutional and that, regardless, Donohue was not entitled to relief. Nevertheless, at a hearing in September 2019, the district attorney stipulated that Donohue had made a prima facie case, and the trial court issued an order to show cause on September 11, 2019.

The district attorney then filed several pleadings in January 2020, asking the court to reconsider its finding that Donohue had established prima facie eligibility for relief. Providing a copy of the opinion on direct appeal to the court, the district attorney argued that it establishes that Donohue was not convicted on either a felony-murder or natural and probable consequences theory but was instead convicted of provocative act murder. Defense counsel opposed the motion, attempting to "reconstruct" the jury trial with various exhibits. Exhibits attached to the opposition included select jury

4

instructions, a trial transcript of Officer Hill's testimony, and the factual summary from Donohue's opening brief on direct appeal from the underlying conviction.[3] Additional jury instructions were subsequently supplied by the district attorney. On August 6, 2020, the trial court declined to withdraw the district attorney's stipulation.

At the evidentiary hearing on December 14, 2020, the court denied the petition, finding that Donohue was not eligible for relief under section 1170.95, because he was convicted on a provocative act theory of murder. The court additionally determined that excluding defendants convicted under such a theory from the relief provided by section 1170.95 did not violate equal protection.

## DISCUSSION

In 2018, Senate Bill 1437 was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f); see also §§ 188, subd. (a)(3),189, subd. (e).) "Section 1170.95, added by Senate Bill 1437, gives retroactive

---

[3] Among the exhibits was a jury instruction for provocative act implied malice murder, which stated in part: "A killing is unlawful and malice aforethought is implied when such killing results from intentional conduct that involves a high degree of probability that it will result in death, which conduct is engaged in for a base, antisocial motive and with a wanton disregard for life during the commission or attempt to commit the crime of robbery by the perpetrator or perpetrators thereof. [¶] If such intentional conduct is sufficiently provocative that the victim of such crime, or a police officer, kills one of the perpetrators of such crime in a reasonable response to such intentional conduct, the killing is considered in law the act of the other perpetrator. . . ."

effect to the changes in sections 188 and 189. It provides in subdivision (a), 'A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when' certain conditions apply. (§ 1170.95 subd. (a).) One of the conditions is that '[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made [by Senate Bill 1437] effective January 1, 2019.' (*Id.*, subd. (a)(3).)" (*People v. Johnson* (2020) 57 Cal.App.5th 257, 265 (*Johnson*), review denied Feb. 17, 2021, S266188.)

"Prior to the enactment of Senate Bill No. 1437, . . . both the felony-murder rule and the natural and probable consequences doctrine provided theories under which a defendant could be found guilty of murder without proof of malice." (*People v. Lee* (2020) 49 Cal.App.5th 254, 260 (*Lee*), review granted on other grounds July 15, 2020, S262459.) For example, " ' "[t]he felony-murder rule [made] a killing while committing certain felonies murder without the necessity of further examining the defendant's mental state." [Citation.] "Under the [former] felony-murder doctrine, when the defendant or an accomplice kill[ed] someone during the commission, or attempted commission, of an inherently dangerous felony, the defendant [was] liable for either first or second degree murder, depending on the felony committed." ' " (*People v. Powell* (2018) 5 Cal.5th 921, 942.) Thus, prior to the enactment of Senate Bill 1437, "[f]elony-murder liability d[id] not require an intent to kill, or even implied malice, but merely an intent to commit the underlying felony." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654 (*Gonzalez*).) Moreover, the felony-murder rule cannot support a murder conviction when an

6

accomplice is killed by a third party rather than by the defendant or another accomplice.  (*Gonzalez*, at pp. 654–655.)

"  'Independent of the felony-murder rule, the natural and probable consequences doctrine rendered a defendant liable for murder if he or she aided and abetted the commission of a criminal act (a target offense), and a principal in the target offense committed murder (a nontarget offense) that, even if unintended, was a natural and probable consequence of the target offense.' "  (*Johnson, supra*, 57 Cal.App.5th at p. 264.)  "The natural and probable consequences doctrine '[was] not an implied malice theory; the mens rea of the aider and abettor with respect to the [murder or attempted murder], actual or imputed, [was] irrelevant.' "  (*Lee, supra*, 49 Cal.App.5th at p. 261, rev. granted.)

"Unlike felony murder or murder under the natural and probable consequences doctrine, '[a] murder conviction under the provocative act doctrine . . . requires proof that the defendant personally harbored the mental state of malice, and either the defendant or an accomplice intentionally committed a provocative act that proximately caused' the death of another accomplice."  (*Lee, supra*, 49 Cal.App.5th at p. 264, rev. granted, quoting *Gonzalez, supra*, 54 Cal.4th at p. 655.)  Under the provocative act murder doctrine, " ' "when the perpetrator of a crime maliciously commits an act that is likely to result in death, and the victim [or police officer] kills in reasonable response to that act, the perpetrator is guilty of murder." ' "  (*Johnson, supra*, 57 Cal.App.5th at p. 265.)  " 'The classic provocative act scenario occurs when a perpetrator of the underlying crime instigates a gun battle, usually by firing first, and a police officer, or victim of the underlying crime, responds with privileged lethal force by returning fire and kills the perpetrator's accomplice.' "  (*Lee,* at p. 264.)

7

" ' "[T]he central inquiry in determining criminal liability for a killing committed by a resisting victim [or police officer] . . . is whether the *conduct* of a defendant or his accomplices was sufficiently provocative of lethal resistance to support a finding of implied malice." ' " (*Johnson, supra,* 57 Cal.App.5th at p. 265.) "[A]fter the enactment of Senate Bill No. 1437, a defendant cannot be convicted of murder absent a showing of malice, with the exception of felony murder as limited by section 189, subdivision (e)." (*Lee, supra,* 49 Cal.App.5th at p. 262, rev. granted.) But the legislation did nothing to alter conviction for first degree murder under a showing of implied malice, such as provocative act murder.

As stated above, after examining the record in these proceedings, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*Wende, supra,* 25 Cal.3d at p. 441; see also *People v. Kelly* (2006) 40 Cal.4th 106, 109–110.) We have done so, and since the record of conviction—including the prior appellate opinion, the testimony of Officer Hill, and the jury instructions—makes clear that Donohue was convicted of provocative act murder rather than felony murder or murder under a natural and probable consequences theory, we see no error in the trial court's denial of Donohue's section 1170.95 petition. The issues raised by Donohue in his supplemental briefing all relate either to perceived errors in the underlying criminal matter or to his claim of factual innocence. This appeal is not the appropriate forum for such claims.

## DISPOSITION

The order denying Donohue's section 1170.95 petition is affirmed.

SANCHEZ, J.

WE CONCUR:

MARGULIES, ACTING P. J.

BANKE, J.

A161677
*People v. Donohue*

9